IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WAYNE RESPER,<br>　Plaintiff | * |
| | * |
| 　　　v. | CIVIL ACTION NO. PJM-13-24 |
| | * |
| DEREK A. BAER,<br>　Defendants | * |

******

# MEMORANDUM OPINION

Seeking damages, Plaintiff, Wayne Resper, filed suit against Correctional Officer Derek A. Baer. Resper alleges that on March 17, 2009, Baer used excessive force against him by maliciously, sadistically and without necessity, applying handcuffs too tightly. ECF No. 1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) shall be granted. Because the Plaintiff has been granted leave to proceed *in forma pauperis*, this Court may review the claims in the Plaintiff's Complaint before service of process and dismiss the Complaint *sua sponte* if it has no factual or legal basis. *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995). Upon review of the complaint, this Court concludes that it is subject to dismissal.

"Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." *Wallace v. Kato,* 549 U.S. 384, 387 (2007), *citing Owens v. Okure,* 488 U.S. 235, 249-250, (1989); *Wilson v. Garcia,* 471 U.S. 261, 279-280, (1985). In Maryland the applicable statute of limitations is three years from the date of the occurrence. *See* Md. Cts & Jud. Proc. Code Ann.§ 5-101. Plaintiff alleges that he

was subjected to excessive force on March 17, 2009. Plaintiff now some nearly 4 years later files this civil rights case.  The complaint is clearly outside the applicable statute of limitations and shall be dismissed.

     Plaintiff is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal for failure to state a claim on which relief may be granted under §1915(e) or under F.R.Civ.P. 12(b)(6).

     A separate Order follows.

January 14, 2013

                                         /s/
                            PETER J. MESSITTE
               UNITED STATES DISTRICT JUDGE